UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Melanie Kelley, | ) | C/A No. 4:07-3682-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| City of Hartsville; and | ) | |
| City of Darlington, | ) | |
| | ) | |
| Defendants. | ) | |

_____

### *Background of this Case*

The plaintiff is a resident of Hartsville, South Carolina. She has brought suit against two municipalities in Darlington County for civil rights violations arising out of the plaintiff's arrest for driving under suspension. The plaintiff states that she had "just renewed her driver license & state agent (highway department) did not take license[.]" The plaintiff alleges that she was denied a bail hearing and was denied medication at the Darlington County Detention Center. The plaintiff also alleges that officers at the Darlington County Detention Center: (1) kept a door open so that male prisoners could see "females use bathroom[;]" and (2) accused the plaintiff of using illegal drugs when she in fact had valid prescriptions.

In her prayer for relief, the plaintiff seeks: (1) return of her truck and all contents; (2) fees for storage of the truck; (3) a fund set up in the names of all of the plaintiff's cell mates; (4) a one-time

1

payment of $80,000; (5) change of the plaintiff's name to Melanie Kelley on all court papers; and (6) "all traffic tickett [*sic*] thrown out / violations removed from plaintiff record[.]" The above-captioned case is the second civil action filed by the plaintiff in the United States District Court for the District of South Carolina.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978). The plaintiff is a *pro se* litigant, and thus her pleadings are accorded liberal construction. *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S.

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Although the above-captioned case is not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), *see Wallace v. Kato*, 166 L.Ed.2d 973, 127 S.Ct. 1091 (2007), and is timely, the doctrine of vicarious liability and the doctrine of *respondeat superior* are not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 927-29 & nn. 1-2 (4th Cir. 1977). Hence, vicarious liability may not be imposed upon the City of Hartsville and the City of Darlington for Officer J. Perkins' arrest of the plaintiff on October 27, 2007.

The absence of any specific allegations relating to the City of Hartsville or the City of Darlington also forecloses any application of the limited "policy or custom" exception to the prohibition against application of the doctrines of *respondeat superior* or vicarious liability in section 1983 cases. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978) (municipalities are liable under § 1983 only for violations of federal law that occur pursuant to official governmental policy or custom).

There is a limited exception to the prohibition against imposing liability in § 1983 cases under the doctrines of *respondeat superior* or vicarious liability, which has been enunciated in cases such as *Slakan v. Porter*, 737 F.2d 368, 370-375 (4th Cir. 1984), *cert. denied*, *Reed v. Slakan*, 470

3

U.S. 1035 (1985). *See also Shaw v. Stroud*, 13 F.3d 791 (4th Cir.), *cert. denied*, *Stroud v. Shaw*, 513 U.S. 813 (1994). Those cases are obviously not on point in the above-captioned case.

The City of Darlington and the City of Hartsville are not responsible for the denial of a bail hearing. The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, magistrate's courts, and municipal courts are in a unified judicial system. *See* Article V, Section 1 of the Constitution of the State of South Carolina ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 297 S.C. 253, 376 S.E.2d 271, 272 (1989); *Cort Industries Corp. v. Swirl, Inc.*, 264 S.C. 142, 213 S.E.2d 445, 446 (1975); and *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 265 S.C. 114, 217 S.E.2d 23, 24 (1975).[3] The entity known as the South Carolina Court Administration operates the State of South Carolina's unified judicial system pursuant to the authority delegated by the Supreme Court of South Carolina. *See* Article V, Section 4 of the Constitution of the State of South Carolina; and *Bailey v. State*, 309 S.C. 455, 424 S.E.2d 503 (1992).

County magistrates and municipal court judges are judges in the State of South Carolina's unified judicial system. *See In the Matter of Singleton*, 361 S.C. 364, 605 S.E.2d 518 (2004) (removing county magistrate from office); *In the Matter of Wilder*, 335 S.C. 339, 516 S.E.2d 927 (1999) (imposing public reprimand upon former Municipal Court Judge and precluding him from

---

[3]County courts in the State of South Carolina no longer exist. Section 22 of Article V of the Constitution of the State of South Carolina (1973) allowed "any existing court" on the date of ratification to continue operating until Article V was fully implemented. *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 217 S.E.2d at 24 ("The Horry County Court is one of the courts continued in existence solely by virtue of the provisions of Section 22 of Article V.").

seeking "future appointment to any judicial office within the unified judicial system of South Carolina unless authorized by this Court"); *In the Matter of Lee*, 313 S.C. 142, 437 S.E.2d 85 (1993); *In the Matter of Carmichael*, 313 S.C. 96, 437 S.E.2d 63 (1993); *In the Matter of Ulmer*, 315 S.C. 188, 432 S.E.2d 481 (1993); and *In the Matter of Wyatt*, 295 S.C. 34, 367 S.E.2d 22, 23 (1988).  It can be judicially noticed that since Article V was originally enacted in 1973, local governments have not had authority over a municipal court or a magistrate court operating within the boundaries of a county or municipality in South Carolina.  *See* Act No. 58, 1973 S.C. Acts 161; Article V, Section 1 of the Constitution of the State of South Carolina; and *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 217 S.E.2d at 24.[4]

The City of Darlington and the City of Hartsville are not responsible for the operation of the Darlington County Detention Center.  It can be judicially noticed that the Darlington County Detention Center is operated by the Sheriff of Darlington County.[5]  Sheriff's Departments in South Carolina are state agencies, not municipal departments. *See* Section 23-13-550, South Carolina Code of Laws; and 1975 S.C.Att'y.Gen'l.Op. No. 47 (January 22, 1975); and Section 23-13-10 of the South Carolina Code of Laws, which provides that only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department, and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff.  *See also Allen v. Fidelity and Deposit Company*, 515 F. Supp. 1185,

---

[4] County courts in the State of South Carolina no longer exist.  Section 22 of Article V of the Constitution of the State of South Carolina (1973) allowed "any existing court" on the date of ratification to continue operating until Article V was fully implemented.  *See State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 217 S.E.2d at 24 ("The Horry County Court is one of the courts continued in existence solely by virtue of the provisions of Section 22 of Article V.").

[5] *See* the webpage for the Darlington County Detention Center (www.darcosc.com/DetentionCenter).

5

1189-1191 (D.S.C. 1981) (County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County), *affirmed*, 694 F.2d 716 (4th Cir. 1982) [Table]; and *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996). Since the City of Darlington and the City of Hartsville do not operate Darlington County Jail, they are not responsible for the actions of detention center staff toward the plaintiff.

### *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); *Boyce v. Alizaduh*; *Todd v. Baskerville*, 712 F.2d at 74; and 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" 1915(d)]. *See also In Re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997) (pleadings by prisoners *and* non-prisoners should also be screened); and *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). The plaintiff's attention is directed to the important Notice on the next page.

                                   s/Thomas E. Rogers, III
November 14, 2007           Thomas E. Rogers, III
Florence, South Carolina     United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that she may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).