UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Melanie Kelley, ) | C/A No. 4:07-3682-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| City of Hartsville and City of Darlington ) | |
| ) | |
| Defendants. ) | |
| _____) | |

On December 4, 2007, in the absence of objections by the plaintiff, this Court filed an Order adopting the Report and Recommendation of Magistrate Judge Rogers that the case should be dismissed without prejudice and without issuance and service of process. Judgment was entered on December 5, 2007. This matter is before the Court on Plaintiff's "Motion for Reconsideration[1] filed on December 19, 2007 (Docket Entry #13).

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a *clear error of law* or prevent manifest injustice." *Collison v. International Chemical Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994) (emphasis added). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002).

---

[1] Plaintiff does not indicate whether she is proceeding under Fed. R. Civ. P. 59 or 60.

1

Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

The remedy of reopening a case under Rule 60(b) is "only to be invoked upon a showing of extraordinary circumstances." *Compton v. Alton S.S.Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979). Under Rule 60(b)(1), the court may relieve a party from a judgment for "mistake, inadvertence, surprise or excusable neglect." Factors to be considered in determining whether excusable neglect has occurred include "(1) danger of prejudice to the [non-movant], (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Cronin v. Henderson*, 209 F.R.D. 370 (D. Md. 2002), *citing Pioneer Inv. Serv. Co. V. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

The plaintiff asserts in her motion that she did not receive the "information" to respond in the allowed time. The Court assumes that Plaintiff is contending that she did not receive the Report and Recommendation in time to file timely objections. However, none of the mailings by the Clerk of Court to the plaintiff have been returned. In addition, the plaintiff admits that she in fact received the "information", but she has provided the Court with no detailed information regarding the date on which she received the Report and she did not request the Court to extend the deadline prior to its expiration. The plaintiff has simply failed to make a satisfactory showing that the case should be reopened.

Appellant's Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell  
                                                R. Bryan Harwell  
                                                United States District Judge

July 3, 2008  
Florence, SC